UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNY ALBERT CALZADA,

    Petitioner,

                               Case No. 8:13-CV-1486-T-15TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Brief in Support (Cv-D-1), the Government's response in opposition (Cv-D-7) and exhibits (Cv-D-8-10, S-14), and Petitioner's Motion for Leave to Supplement Writ of Habeas Corpus in Light of Alleyne v. United States, No. 11-9335 (6/17/2013) (CV-D-12).

Petitioner timely filed his § 2255 motion alleging ineffective assistance of counsel. Petitioner asserts that he was deprived effective assistance of counsel in connection with his guilty plea proceedings based upon counsel's failure to present relevant factors to the Court relating to the Petitioner's competency to enter a plea of guilty. Petitioner specifically argues: (1) his counsel "denied [him] an opportunity to accept the plea offer by allowing him to attempt to plead guilty when he was on medication and in severe pain, conditions that affected his capacity to

understand the proceedings," and (2) failed "to move for a competency hearing prior to trial." He seeks to vacate his sentence and start plea proceedings anew. On October 31, 2013, Petitioner filed a motion for leave to supplement his motion to include a claim pursuant to Alleyne.

I. **Petitioner's Motion to Vacate, Set Aside, or Correct Sentence**

After reviewing Petitioner's claims, and the Government's response, and the exhibits submitted by the parties, the Court finds an evidentiary hearing relating to Petitioner's claims of ineffective assistance of counsel is necessary in order to determine whether Petitioner's counsel rendered constitutionally ineffective assistance whether such assistance affected the actions of the plea process.

II. **Petitioner's Motion to for Leave to Supplement**

Petitioner filed a motion to supplement his § 2255 motion to include an additional claim. Petitioner contends that his sentencing range was increased from 10 to 24 years based upon judicial fact-finding of drug quantity and other enhancements in violation of Alleyne v. United States, 133 S.Ct. 2151 (2013). He appears to argue that the drug quantity was not alleged in the Indictment or submitted to the jury.

In Alleyne, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury," requires that his sentence be vacated

because his prior convictions were not charged in the indictment and proven to a jury beyond a reasonable doubt. 133 S.Ct. at 2155. However, Alleyne is not retroactive on collateral review. Jeanty v. Warden, FCI Miami, 757 F.3d 1283, 1285 (11th Cir. 2014).

Furthermore, Petitioner's sentence does not run afoul of Alleyne. Notably, the Indictment charged the offenses involved five kilograms or more of a detectable amount of cocaine. (Cr-D-1.) The issue of quantity was submitted to the jury, and the jury found the offenses involved fives kilograms or more of cocaine, thus triggering the mandatory minimum penalty of ten years pursuant to 21 U.S.C. § 841(b)(1)(A) (Cr-D-68.) There is no requirement that the jury find the precise amount of cocaine.

While the Court found, for purposes of the calculating the Sentencing Guidelines range, that the offense involved 640 kilograms, Petitioner did not object to that finding. (PSI ¶ 17.) As a result Petitioner's base offense level was 38 pursuant to U.S.S.G. § 2D1.1(c)(1). (Id.) The Court assessed an additional two levels as Petitioner acted as the captain of the vessel in accordance with USSG § 2D1.1(b)(2)(C). (PSI ¶ 18.) Thus, Petitioner was a total offense level 40 and a criminal history I with a sentencing guideline range of 292 to 365 months. (PSI ¶ 58.)

To the extent that Petitioner contends that the Court's factual findings with regard to the sentencing guidelines violated

Alleyne, he is incorrect. The Eleventh Circuit has held that a district court's factual findings for purposes of calculating a defendant's sentencing guideline range does not violate Alleyne. In United States v. Rivera, 558 Fed. Appx. 971, 976 (11th Cir. 2014), the court found it was not error for the sentencing judge to make factual findings to apply a two-level enhancement for use of a computer or an interactive computer service. The court reasoned that the enhancement only affected the sentencing guideline range and not the statutory mandatory minimum or maximum. Id.

In United States v. Charles, 757 F.3d 1222, 1225-26 (11th Cir. 2014), the Eleventh Circuit found that the district court did not violate Alleyne in applying a two level enhancement under the sentencing guidelines for the production or trafficking of unauthorized devices pursuant to U.S.S.G. § 2B1.1(b)(11)(B). The court explained, "a district court may continue to make guidelines calculations based upon judicial fact findings and may enhance a sentence — so long as its findings do not increase the statutory maximum or minimum authorized by facts determined in a guilty plea or jury verdict." Id. at 1225

Similarly, in Petitioner's case the enhancements only affected Petitioner's sentencing guideline range and did not affect his statutory mandatory minimum or maximum sentence. As such, Petitioner is not entitled to relief as to this claim, and, his motion to supplement is denied.

IT is therefore ORDERED that:

1) The Court DEFERS ruling on Petitioner's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1) pending an evidentiary hearing.

2) An evidentiary hearing in this case is hereby scheduled for **Monday, November 3, 2014 at 1:30 p.m.** at the **Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Courtroom TBA, Tampa.**

3) Counsel for the Government shall take appropriate steps to ensure that Petitioner is transported to the Tampa, Florida, area at least seven (7) days prior to the hearing so that he may meet with newly appointed counsel and attend the hearing. Further, the Government is directed to subpoena attorney Julie F. Thomas to be present at the hearing with the file concerning her representation of Petitioner as well as any other witnesses deemed necessary by the Government to address the issue set forth above.

4) Magistrate Judge Thomas G. Wilson is requested to appoint counsel for Petitioner and instruct said counsel to secure the attendance of any witnesses deemed necessary by Petitioner to address these issues.

5) Petitioner's Motion for Leave to Supplement Writ of Habeas Corpus in Light of Alleyne v. United States, No. 11-9335

(6/17/2013) (Cv-D-12) is DENIED.

DONE AND ORDERED at Tampa, Florida this 18th day of September, 2014.

William J. Castagna
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE